DAVIS, Appellee,

v.

**EXCEL EXTRUSIONS, INC.; Devery, Admr., Ohio Bureau
of Workers' Compensation, et al., Appellants.**

[Cite as *Davis v. Excel Extrusions, Inc.* (1996), 112 Ohio App.3d 425.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 96–T–5385.

Decided July 8, 1996.

426

*Jeffery S. Watson,* for appellee.

*Betty D. Montgomery,* Attorney General, and *James P. Mancino,* Assistant Attorney General, for appellants Industrial Commission of Ohio and Sandy Devery, Administrator, Ohio Bureau of Workers' Compensation.

Joseph E. Mahoney, Judge.

This is an accelerated calendar case submitted to this court on the briefs of the parties.

This is a workers' compensation case in which appellee, Joseph L. Davis, alleged that he injured his neck and shoulder in the course of and arising out of his employment with Excel Extrusions, Inc., on December 22, 1992. Appellee's injury claim was disallowed throughout the administrative process. On November 8, 1994, appellee appealed the decision of appellant, the Industrial Commission of Ohio, to the Portage County Common Pleas Court. Subsequently, the case was transferred to the Trumbull County Common Pleas Court.

The matter proceeded to a jury trial on December 19, 1995. At trial, the only expert witness to testify was appellee's treating physician, Dr. Keshava Reddy. Over objection, Dr. Reddy based his expert opinion on a single hypothetical

question posed by appellee's counsel. The jury determined that appellee was entitled to participate in the Workers' Compensation Fund for a herniated disc at C6–7.

Appellants timely filed a notice of appeal with a single assignment of error. Appellants contend that the trial court erred when it allowed appellee's medical expert to give an opinion in response to a hypothetical question that assumed facts not in evidence, contrary to Evid.R. 705 and 703. Specifically, appellants contend that there was no evidence presented, nor did Dr. Reddy have personal knowledge, of a prior injury suffered by appellee in February 1992, yet part of the hypothetical question posed by appellee's counsel to Dr. Reddy was as follows:

"Doctor, I want you to further assume that in February of 1992, Mr. Davis had to push open a gate that had jammed, and that he experienced pain in his neck and left shoulder for approximately three weeks, and then it went away. And that he did not miss any time as a result of this—miss any time from work, that is, as a result of this."

Evid.R. 703 provides:

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing."

Evid.R. 705 states, in its entirety:

"The expert may testify in terms of opinion or inference and give his reasons therefor after disclosure of the underlying facts or data. The disclosure may be in response to a hypothetical question or otherwise."

The Supreme Court of Ohio has held:

"The hypothesis upon which an expert witness is asked to state an opinion must be based upon facts within the witness' own personal knowledge or upon facts shown by other evidence." *Burens v. Indus. Comm. of Ohio* (1955), 162 Ohio St. 549, 55 O.O. 436, 124 N.E.2d 724, paragraph one of the syllabus. See, also, *Sowers v. Middletown Hosp.* (1993), 89 Ohio App.3d 572, 586, 626 N.E.2d 968, 978.

In the present case, appellee counters appellants' argument with the assertion that evidence of his prior injury was before the court in the form of defendant's exhibits M and N. Appellee maintains that the facts or data necessary for the hypothetical question were set forth in these two exhibits, which were reproductions of accident reports involving appellee's injury on December 22, 1992.

A careful review of these exhibits, however, does not support appellee's assertion. The only reference to the prior injury in the accident report is where it asks whether the injured party has ever suffered an injury to that specific body

part before. Appellee circled the answer "YES" and was then requested to explain the circumstances of the prior injury. Appellee wrote:

"At Excel I was pushing the parking lot gate open for a truck driver and it jammed up and something snapped in my back—pain went away after 3 weeks."

It is clear that nowhere in the accident report does it state that appellee "experienced pain in his neck and left shoulder" as alleged in the hypothetical question asked of Dr. Reddy. The report refers only to something snapping in appellee's back. Additionally, it is evident from Dr. Reddy's testimony that his expert opinion was based solely on the accuracy of the assumed facts in the hypothetical question. He had no independent knowledge of the details of appellee's prior injury. Thus, the hypothetical question was not based upon facts within the witness's own personal knowledge or upon facts shown by other evidence.

■ Accordingly, appellants' objection to the hypothetical question asked by appellee's counsel to Dr. Reddy should have been sustained. Without Dr. Reddy's expert testimony, the jury's verdict may well have been different. Thus, the trial court's error was not harmless.

Appellants' sole assignment of error is sustained.

Hence, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion. Costs are assessed to appellee.

*Judgment accordingly.*

FORD, P.J., and CHRISTLEY, J., concur.