OPINION
This is an appeal from a judgment of the Portage County Court of Common Pleas, entered upon a jury verdict allowing appellee, Kenneth L. Deacon, Sr., to participate in the Ohio Workers' Compensation Fund.
In October 1987, appellee injured his back while working for the City of Kent, Ohio. He was treated at the Streetsboro Chiropractic Clinic and the Bureau of Workers' Compensation ("BWC") allowed his claim. In August 1988, appellee again injured his back at work, while employed by the City of Kent, was treated at the Streetsboro Chiropractic Clinic, and his claim was allowed by the BWC.
Sometime in 1999, appellee filed a motion with the BWC to amend his 1988 claim to include lumbar disk displacement, herniation of the disks, and lumbar radiculopathy. The BWC denied appellee's claim, and appellee appealed that ruling to the Portage County Court of Common Pleas.
Prior to trial, appellee deposed John K. Livingston II ("Livingston"), a chiropractor who had treated appellee, as an expert witness. During the course of the deposition, appellee asked Livingston an extended hypothetical question regarding the causal relationship between the 1988 injury and the conditions alleged in the complaint. As a part of this hypothetical question, appellee asked Livingston to make assumptions about both the 1987 and 1988 injuries. Appellant objected to the question, but refused to specify grounds for the objection. The deposition was read to the jury at the time of the trial, over appellant's objection. Appellant stipulated to the admission of Plaintiff's Exhibit 1,[1] which consisted of appellee's medical records from both the 1987 and 1988 injuries. Plaintiff's Exhibit 1 was entered into evidence.
The jury returned a verdict, finding that appellee was entitled to participate in the Workers' Compensation Fund for lumbar disk displacement, herniation of the disks, and for lumbar radiculopathy.
After the court entered its judgment, appellee moved the court for costs and attorney fees. On July 11, 2001, the court filed a judgment entry granting appellee attorney fees in the amount of $2,500 and costs in the amount of $1,970.
From the judgments of the court, appellant raises the following assignments of error:
 "[1.] The trial court erred, as a matter of law, when it allowed, over objection, appellee's expert to give an opinion to a hypothetical question which assumed facts contrary to Evid.R. 705 and Evid.R. 703."
 "[2.] The trial court erred, as a matter of law, when it allowed, over objection, appellee's expert to give his opinion based upon facts, tests and diagnoses contained in a 1987 companion case, not a part of the 1988 claim in court."
 "[3.] The trial court erred in allowing cost and attorney fees pursuant to R.C. 4123.512(D) and (E)."
 Appellant's first and second assignments of error are very closely related, and appellant briefed them together. For the sake of convenience, we will discuss them together as well. In his first and second assignments of error, appellant essentially argues that, because the assumptions in the hypothetical question asked of Livingston and the facts relied on by Livingston were taken solely from the 1987 injury, Livingston should not have been permitted to give an expert opinion.
As a preliminary matter, appellant's assertion that the hypothetical question was based entirely on facts from the 1987 injury is simply incorrect. While appellee's hypothetical question did ask Livingston to assume facts of the 1987 injury and treatment, it also asked him to assume the existence of the 1988 injury and the treatment for it. To the extent that appellant's arguments rely on allegations that the hypothetical question contained only facts from the 1987 injury, appellant's arguments are not well taken.
The Ohio Rules of Evidence provide that:
 "[An] expert may testify in terms of opinion or inference and give his reasons therefor after disclosure of the underlying facts or data. The disclosure may be in response to a hypothetical question or otherwise." Evid.R. 705.
The rules further provide that:
 "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing." Evid.R. 703.
 In the case sub judice, all of the facts that Livingston disclosed as the basis for his opinion and which were made the basis for the hypothetical question, were admitted into evidence as Plaintiff's Exhibit 1. Appellant stipulated to the admissibility of Plaintiff's Exhibit 1, and it was admitted into evidence without objection. Thus, appellee's hypothetical question was proper, and Livingston's expert testimony satisfied the requirements of Evid.R. 703 and 705.
Appellant relies on our decision in Davis v. Excel Extrusions (1996),112 Ohio App.3d 425, for the proposition that, because some of the facts assumed in the hypothetical question were from the 1987, not the 1988, injury, the hypothetical question should have been stricken and the trial court's judgment reversed. However, in Davis, supra, we determined that Davis' hypothetical question should have been stricken because one of the facts assumed in it had not been admitted into evidence. In the case subjudice, the facts of the 1987 injury were admitted into evidence as Plaintiff's Exhibit 1. Thus, Davis does not apply to this case. Appellant's first assignment of error is without merit.
In appellant's third assignment of error, he argues that, because the trial court's verdict was based upon reversible error and should be reversed, it was error for the trial court to award appellee attorney fees and costs.
R.C. 4123.512(F) provides that:
 "The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars."
 Appellee prevailed in the Portage County Court of Common Pleas, and the jury determined that he was entitled to participate in the Workers' Compensation fund. Thus, under R.C. 4123.512(F), the court did not err in awarding appellee attorney fees in the amount of $2,500 and costs in the amount of $1,970. Appellant's third assignment of error is without merit.
For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.
O'NEILL, P.J., GRENDELL, J. concur.
[1] Though we are aware that appeals of BWC determinations in the Court of Common Pleas do not have a plaintiff, throughout the proceedings in the trial court, Appellee was referred to as "plaintiff." Thus, the group of medical records offered by appellee and entered into evidence was entered as "Plaintiff's Exhibit 1." For the sake of convenience, we will continue referring to these documents as "Plaintiff's Exhibit 1."